UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MATTHEW CATALDI,**<br><br>                Plaintiff,<br>v.<br><br>**IPA DIRECT, LLC.**<br><br>                Defendant. | Civil Case No.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant IPA Direct, LLC's ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has placed over two dozen telephone calls to Plaintiff's cellular telephone without Plaintiff's prior express consent.

3. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

4. Furthermore, these calls all constituted "telephone solicitations."

5. Plaintiff's telephone number has been on the "Do Not Call" list since February 7, 2012.

6. Defendant's calls therefore violated two distinct provisions of the TCPA: 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8. This Court has personal jurisdiction over Defendant because Defendant does business in this District and because the wrongful conduct giving rise to this case occurred in, and

emanated, this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a resident of New York, New York, and a "person" as defined by 47 U.S.C. § 153 (10).

11. Defendant IPA Direct, LLC. is, and at all times mentioned herein was, a Delaware corporation headquartered at 1135 Townpark Avenue, Suite 2175, Lake Mary, FL 32746.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

13. Defendant has placed numerous and repeated telephone calls to Plaintiff's cellular telephone number 812-###-6789.

14. These calls originated from Defendant, primarily from Defendant's number 407-378-2743.

15. These calls were all made in an effort to sell insurance.

16. Plaintiff has never done business with Defendant.

17. Plaintiff has never provided Defendant with prior express consent, written or otherwise.

18. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. This is evidenced by the persistence and frequency of the calls.

20. Furthermore, upon information and belief, when a call from Defendant is answered, the call recipient is greeted with a brief and unnatural period of silence before being connected with a live or prerecorded representative, which is indicative of the use of a predictive dialer.

21. Additionally, Plaintiff's telephone number has been on the National "Do-Not-Call" registry since February 7, 2012.

22. Defendant's calls were telephone solicitations, as they were made to sell insurance.

23. Plaintiff has suffered actual damages as a result of the Defendant's telephone calls, including, but not limited to, device storage, cellular plan usage, and data usage, as well as the invasion of his privacy.

24. Plaintiff is entitled to actual damages, statutory damages, and injunctive relief.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)

25. Plaintiff incorporates the allegations in paragraphs 1-24 as if fully set forth herein.

26. Defendant placed repeated calls to Plaintiff on his cellular telephone.

27. These calls all used an automatic telephone dialing system.

28. Plaintiff did not consent to Defendant placing such calls to his cellular telephone.

29. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227(c)

32. Plaintiff incorporates paragraphs 1-24 as if fully set forth herein.

33. Separate and apart from Defendant's violations of 47 U.S.C. § 227(b), Defendant's calls violated 47 U.S.C. § 227(c)'s prohibitions of calling telephone numbers on the "Do Not Call" list.

34. The TCPA prohibits initiating a telephone solicitation to "a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 CFR 64.1200(c)(2).

35. This rule was made applicable to cellular telephone numbers by 47 CFR 64.1200(e).

36. Plaintiff's telephone number has been on the national "Do Not Call" registry since February 7, 2012.

37. Defendant is a marketing company which places outgoing calls to telephone numbers in an attempt to sell insurance.

38. The calls here were made in an attempt to sell insurance.

39. These calls all constituted telephone solicitations.

40. Plaintiff has received more than one such calls in a 12-month period, including on April 28, 2015 and April 30, 2015.

41. Defendant's calls therefore violated 47 U.S.C. § 227(c)(5).

42. Accordingly, in addition to the $500-$1500 per call Plaintiff is entitled to for violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500 in statutory damages for

each call made negligently, or $1,500 for each call made willfully and/or knowingly, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Matthew Cataldi prays for the following relief:

A. An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages;

D. An award of treble damages;

E. An award of actual damages;

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** February 19, 2016

*Respectfully submitted,*

MARCUS & ZELMAN, P.C.

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: 845-367-7146
Fax: 732-298-6256
Email: yzelman@MarcusZelman.com